**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tinika Senior,

        Plaintiff,

v.

Circles of Life Residential Care LLC, et al.,

        Defendants.

No. CV-26-01714-PHX-KML

**ORDER**

Defendants Connie Edmonds and John Doe Edmonds filed an answer (Doc. 11) and a motion to dismiss (Doc. 18) but stopped participating in the case after those filings. The court issued three orders requiring the Edmondses explain whether they wished to defend the claims against them. The court also warned them that they risked default judgment if they did not comply with the court's orders and participate in the case. (Docs. 17, 21, 24.) The Edmondses did not respond to any of those orders, nor did they respond to efforts by plaintiff's counsel to contact them. Plaintiff Tinika Senior seeks to strike the Edmondses' answer. (Doc. 25.)

Before striking the answer, the court must consider

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Because the Edmondses have violated multiple court orders, "the first two factors support sanctions and

the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." *Id.*

Beginning with prejudice, a plaintiff "suffers prejudice if the [defendant's] actions impair the [plaintiff's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* The Edmondses' continued refusal to comply with court orders "constitutes an interference with the rightful decision of the case." *Id.* So Senior has been prejudiced. As for the possibility of less drastic sanctions, the court issued multiple warnings, but the Edmondses refused to participate. Although monetary sanctions may sometimes be appropriate, the amount in controversy in this case is small. Even relatively minor monetary sanctions would approach the total damages Senior seeks. In these circumstances, proceeding to judgment instead of imposing monetary sanctions is appropriate.

Viewed together, the five-factor test supports striking the answer to allow for entry of default and default judgment. *See* Fed. R. Civ. P. 16(f) (sanctions may be imposed for failing "to obey a scheduling order or other pretrial order"); Fed. R. Civ. P. 37(b)(2)(A)(iii) (court may "strike pleadings in whole or in part").

**IT IS ORDERED** the Motion to Strike (Doc. 25) is **GRANTED**. The Clerk of Court shall strike the answer at Doc. 11.

**IT IS FURTHER ORDERED** within three days of this order, plaintiff shall apply for entry of default against the Edmondses.

**IT IS FURTHER ORDERED** plaintiff shall file a motion for default judgment no later than **August 28, 2026**.

Dated this 6th day of August, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**